CHARLES J. JOHNSON *vs.* AUGUST L. LARSON & others.

Worcester. October 6, 1892. — October 21, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity — Memorandum of Sale of Land — Specific Performance.*

A memorandum, dated and signed by C., who was B.'s agent, was as follows: "Received of A. fifty dollars as forfeit money in case he fails to accept of a deed of land upon E. Street in W. from B., for which he is to pay three hundred dollars cash down and give said B., his note at six months satisfactorily indorsed for two hundred dollars with interest; said deed is to be accepted subject to two mortgages on said estate, one for four thousand dollars and one for fifteen hundred dollars, which mortgages said A. is to assume and pay as a part of the consideration; if the deed is accepted, the fifty dollars is to be accounted as a part of said three hundred dollars, said deed to be presented on or before January 1st, 1892, or the fifty dollars is to be refunded, interest to be paid by grantor

to December 1, 1891, grantee to have benefit of income from December 1, 1891."
A. brought a bill in equity against B. to enforce specific performance of the
agreement.  *Held*, on demurrer, that the bill could not be maintained.

BILL IN EQUITY, filed in the Superior Court on February 20, 1892, against August L. Larson, Margaret R. Maxwell, and Alexander Maxwell, and alleging the following facts.

The defendant Larson, on and before December 8, 1891, was the owner in fee of certain real estate, situated on Elizabeth Street in Worcester, consisting of a lot of land and buildings thereon.  Desiring to sell the premises, he placed the same in the hands of one Henry S. Bacon as his agent to sell and convey them for him; and Bacon, acting for Larson, executed an agreement in writing to sell and convey the real estate to the plaintiff, as follows: " Worcester, December 8th, 1891.  Received of Charles J. Johnson fifty dollars as forfeit money in case he fails to accept of a deed of land upon Elizabeth Street in Worcester from August L. Larson, for which he is to pay three hundred dollars cash down, and give said Larson his note at six months satisfactorily indorsed for two hundred dollars with interest; said deed is to be accepted subject to two mortgages on said estate, one for four thousand dollars and one for fifteen hundred dollars, which mortgages said Johnson is to assume and pay as a part of the consideration; if the deed is accepted the fifty dollars is to be accounted as a part of said three hundred dollars, said deed to be presented on or before January 1st, 1892, or the fifty dollars is to be refunded, interest to be paid by grantor to December 1, 1891, grantee to have benefit of income from December 1, 1891.  Henry S. Bacon."

At the time of the execution of the agreement Larson had no real estate on Elizabeth Street in Worcester other than that above described.  On January 1, 1892, and at all times prior thereto, and after the execution of the agreement, the plaintiff was ready and willing to accept a conveyance of the real estate, and pay the price therefor, in accordance with the terms and conditions of the agreement.  Larson, on January 1, 1892, and at all times prior thereto, and after the execution of the agreement, refused to execute and deliver to the plaintiff a deed of the real estate in accordance with the terms of the agreement.

On or about December 11, 1891, Larson, well knowing that

his agent Bacon had executed the agreement to convey the real estate to the plaintiff, conveyed the same in fee to the defendant Margaret R. Maxwell, by deed duly recorded; and on or about January 25, 1892, made another conveyance of the premises to Margaret R. Maxwell for the purpose of correcting any errors in the first deed to her, which deed was duly recorded. At the time Margaret R. Maxwell accepted the deeds, she had full knowledge of the agreement made by Larson to convey the premises to the plaintiff.

The prayer of the bill was, (1) that Larson might be ordered to convey the real estate in fee to the plaintiff, in accordance with the terms of the agreement; (2) that the title and interest of Margaret R. Maxwell, derived under either of the deeds to her from Larson, might be declared void; (3) that Margaret R. Maxwell might be ordered to convey to the plaintiff all her interest and title under said deeds, and that the defendant Alexander Maxwell might be ordered to release to the plaintiff all right of curtesy or other statutory rights in the real estate; (4) that Margaret R. Maxwell might be ordered to pay over to the plaintiff the income and rental value of said property, which she had received or might thereafter receive; (5) and that each of the defendants might be enjoined from making any conveyance or placing any encumbrance on the real estate, and for general relief.

The defendants demurred separately to the bill, the defendant Larson assigning, among other causes of demurrer, that the agreement as to the part to be performed by him was an alternative agreement, and did not bind him to give a deed of any land to the plaintiff; and that the plaintiff had a plain, adequate, and complete remedy at law. The other demurrers also set up want of equity. *Hopkins*, J., sustained the demurrers, and dismissed the bill; and the plaintiff appealed to this court.

*W. E. Sibley*, for the plaintiff.

*M. M. Taylor*, for the defendants.

FIELD, C. J. We find it unnecessary to determine whether the memorandum in connection with the allegations of the bill shows that the land was sufficiently described to satisfy the statute of frauds, or whether the note which the plaintiff was to give must be indorsed to the satisfaction of the defendant

Larson, or only indorsed by some person who the court may find ought to be satisfactory to him. The memorandum contains a specific statement of what the plaintiff must do if he accepts the deed; but the statement of the promise of Larson, of whom Henry S. Bacon, who signs the memorandum, is alleged to be the agent, is as follows: " If the deed is accepted, the fifty dollars is to be accounted as a part of said three hundred dollars, said deed to be presented on or before January 1st, 1892, or the fifty dollars is to be refunded, interest to be paid by grantor to December 1st, 1891, grantee to have benefit of income from December 1, 1891." This interest, we suppose, is the interest on the two mortgages, which the plaintiff is to assume and pay if he accepts the deed.

We are inclined to the opinion that the true construction of the memorandum is that Bacon, as agent of Larson, did not absolutely agree that Larson should give a deed of the land, but that the agreement is in the alternative; viz. that Larson should tender a deed of the land on or before January 1, 1892, or refund the fifty dollars which the plaintiff had deposited as forfeit money in case he failed to accept the deed, if tendered.

The decree dismissing the bill must be affirmed.

*So ordered.*